UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANE DOE and JOHN DOE, through their Guardian ad Litem, FERNANDO AGUIRRE-GUERRA,<br><br>   Plaintiffs,<br><br>   v.<br><br>ERIC HOLDER, Attorney General, in his official capacity,<br><br>   Defendant. | 3:08-CV-00457-LRH-VPC<br><br>ORDER |

Plaintiffs Jane Doe and John Doe, through their guardian ad litem, Fernando Aguirre-Guerra, challenge the constitutionality of subsection 240A(b)(1) of the Immigration and Nationality Act on the basis that it infringes on their constitutional right to live in the United States with their alien father. Because similar challenges have been repeatedly rejected by the Ninth Circuit, the court grants the Defendant Attorney General's motion to dismiss for failure to state a claim upon which relief can be granted.

**I.    Facts and Procedural History**

Because the court considers this case on a motion to dismiss, the complaint's allegations are accepted as true. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

Plaintiffs Jane and John Doe are United States citizen children of Abimael Aguirre-Guerra

1  ("Aguirre-Guerra"), a native of Mexico[1] who has been ordered removed from the United States.
2  After receiving a notice to appear for illegal entry into the United States, Aguirre-Guerra
3  unsuccessfully sought cancellation of removal under subsection 240A(b)(1) of the Immigration and
4  Nationality Act, 8 U.S.C. § 1229b(1).  Specifically, the Immigration Court rejected Aguirre-
5  Guerra's contention that his removal from the United States would be an exceptional and
6  extremely unusual hardship to his United States citizen children, Plaintiffs Jane Doe and John Doe.
7  Aguirre-Guerre appealed the matter to Board of Immigration Appeals and the Ninth Circuit, both
8  of which denied relief.  Plaintiffs then filed the instant action asking this court to enjoin their
9  father's removal and declare that subsection 240A(b)(1) unconstitutionally infringes on their right
10 to live with their father in the United States.

**II.   Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**III.   Discussion**

   **A.  Subject Matter Jurisdiction**

As a threshold matter, Defendant argues that this court lacks subject matter jurisdiction due

---

[1]The complaint is inconsistent with regard to Aguirre-Guerra's origin.  Paragraph 1 of the complaint states that he is a "native of Mexico[,]" while paragraph 4 states that Aguirre-Guerra is a "native of Guatemala . . . ."

2

to a provision of the REAL ID Act, codified at 8 U.S.C. § 1252(b)(9), that eliminates this court's jurisdiction to hear questions of law and fact arising from removal proceedings. The court disagrees. In *Singh v. Gonzales*, the Ninth Circuit found that § 1252(b)(9) simply provides for mandatory consolidation of issues within petitions for judicial review of a removal order. 499 F.3d 969, 978 & n.11 (9th Cir. 2007). Here, where the plaintiffs are third parties seeking to vindicate their own legal interests, they would have had no opportunity consolidate their claims in a petition concerned only with their father's immigration status. The court therefore has subject matter over this case pursuant to 28 U.S.C. § 1331.

### B. Failure to State a Claim

Turning now to Defendant's motion to dismiss for failure to state a claim, Defendant argues that Plaintiffs do not have a constitutional right to live with their father in the United States, and therefore this case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The court is compelled to agree. Variations on Plaintiffs' claim, albeit through an alien rather than his children, have been repeatedly rejected by the Ninth Circuit. *See e.g.*, *Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978) (collecting cases). While Jane and John Doe's status as plaintiffs does alter a procedural aspect of this case, that distinction does not change the Ninth Circuit's refusal to find any right to live in the United States with an alien parent.

Because subsection 240A(b)(1) uses neither a suspect classification nor draws distinctions among individuals that implicate fundamental rights, the statute violates substantive due process only if it is not rationally related to legitimate government purpose. *See Matsuda v. City & County of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008). Under this rational-basis standard, subsection 240A(b)(1) easily passes constitutional muster. As stated by the Attorney General, the statute "discourages aliens from illegally entering the United States to give birth to children in an attempt to gain residency through the child and thereby circumvent the immigration statutes." (Mot. to Dismiss (#10) at 14:16-18.) Subsection 240A(b)(1) is therefore rationally related to a legitimate

government purpose.

In sum, while the court sympathizes with Plaintiffs' plight, the Ninth Circuit's precedents foreclose any relief under the complaint's allegations.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs are granted 30 days to file amended complaint. In the event Plaintiffs fail to do so, this case shall be dismissed without prejudice, and the Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 16th day of June, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE